UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
INCHCAPE SHIPPING SERVICES (HONG KONG) LIMITED,

                                  Plaintiff,      08 CV 7013 (JSR)

-v-

**VERIFIED COMPLAINT**

BELARUSIAN SHIPPING COMPANY and MALTO LIMITED,

                                  Defendants.
----------------------------------------------------------------x

       Plaintiff, INCHCAPE SHIPPING SERVICES (HONG KONG) LIMITED (hereinafter "INCHCAPE"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants, BELARUSIAN SHIPPING COMPANY (hereinafter "BELARUSIAN") and MALTO LIMITED (hereinafter "MALTO"), alleges upon information and belief as follows:

## JURISDICTION

       1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

       2.     At all times material hereto, Plaintiff, INCHCAPE, was and still is a foreign business entity duly organized and existing pursuant to the laws of Hong Kong, with an office and principle place of business at: Units 1802-1805, 18th Floor, No 3 Lockhart Road, Wanchai, Hong Kong.

3. At all times material hereto, Defendant, BELARUSIAN, was and still is a foreign business entity duly organized and existing pursuant to the laws of the Republic of Belarus, with an office and principle place of business at V. Khoruzhey Str. 3, 220005, Minsk, Belarus.

4. At all times material hereto, Defendant, MALTO, was and still is a foreign business entity duly organized and existing pursuant to the laws of the Republic of Belarus, with an office and principle place of business at V. Khoruzhey Str. 3, 220005, Minsk, Belarus.

FACTS AND CLAIM

5. On or about November 23, 2006, December 15, 2006 and January 29, 2007, INCHAPE, was engaged to act as port agent for the M.V. SPAR EIGHT, by Defendants, BELARUSIAN, as owners of the vessel, during her loading of cargo at Jiangyin, China, Shanghai, China and Jiangyin, China, respectively.

6. The aforementioned port agent/vessel husbanding contracts are maritime contracts.

7. Pursuant to the terms and conditions agreed between the parties, INCHCAPE and Defendant BELARUSIAN agreed, among other things that INCHCAPE would engage various necessary services and contractors for the benefits of the vessel, her owner, operator and manager.

8. In accordance with the parties' agreements and as per Defendant's instructions, on November 23, 2006, December 15, 2006, and January 29, 2007, INCHCAPE was caused to incur charges in the amount of USD 127.76, USD 12,877.39

(comprised of the USD 127.76 due for November 23, 2006 charges) and USD 4,307.69, respectively.

8. Although BELARUSIAN did make a payment of USD 127.76 for the November 23, 2006 charges, approximately USD 17,057.32 still remains unpaid by BELARUSIAN.

9. Despite INCHCAPE's repeated demands for payment of the outstanding disbursements, BELARUSIAN, in breach of the terms of the agency agreement, has failed, neglected and/or otherwise refused to pay Plaintiff INCHCAPE.

10. As per the relevant agency contracts, INCHCAPE is properly to be awarded its costs, legal fees and interest for the protection of this claim, which as best as can be determined are approximately USD 10,000.

11. INCHCAPE's total claim against BELARUSIAN, for the outstanding disbursements of the agency agreements, plus estimated legal fees, costs and interest is in the aggregate amount of USD 32,057.32.

12. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant BELARUSIAN and Defendant MALTO that no separation exists between them and the corporate form of Defendant MALTO has been disregarded such that Defendant BELARUSIAN primarily transacted the business of Defendant MALTO.

13. Upon information and belief, at all material times, Defendant BELARUSIAN, operated in the name of Defendant MALTO such that Defendant BELARUSIAN was the beneficial owner of Defendant MALTO.

14. Upon information and belief, MALTO holds itself out as a subsidiary within the BELARUSIAN network.

15. Upon information and belief, BELARUSIAN and MALTO are each one of several entities which is operated, controlled and managed as a single economic enterprise known as BELARUSIAN.

16. Upon information and belief, among the entities which comprise the BELARUSIAN network, including MALTO, there is a commonality of control and management centered with BELARUSIAN and an overlap of officers, directors and employees.

17. Upon information and belief, at all material times, Defendant BELARUSIAN and Defendant MALTO, have overlapping ownership, management, personnel and purposes such that Defendant BELARUSIAN and Defendant MALTO do not operate at arms length.

18. Upon information and belief, at all material times, Defendant BELARUSIAN and Defendant MALTO, have had common addresses, common contact information such that the Defendant BELARUSIAN has no independent corporate identity from Defendant MALTO.

19. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant BELARUSIAN and Defendant MALTO.

20. MALTO has regularly made payments on behalf of BELARUSIAN for debts incurred by BELARUSIAN.

21.   Upon information and belief, at all material times, Defendant BELARUSIAN has dominated, controlled and used Defendant MALTO for its own purposes such that there is no meaningful difference between the entities.

22.   Upon information and belief, at all material times, Defendant BELARUSIAN has disregarded the corporate form of Defendant MALTO to the extent that Defendant BELARUSIAN, was actually carrying on MALTO's business and operations as if the same were its own, or vice versa.

23.   Upon information and belief, Defendant BELARUSIAN utilizes the Defendant MALTO, to transfer funds through, to and from the Southern District of New York on its behalf.

24.   Upon information and belief, there are reasonable grounds to conclude that the Defendant MALTO is the alter-ego of Defendant BELARUSIAN and, therefore, Plaintiff INCHCAPE has a valid prima facie *in personam* claim against Defendant MALTO based upon alter ego liability.

## BASIS FOR ATTACHMENT

25.   Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

26. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to and/or for the benefit of Defendants, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other

funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $48,085.98[1] to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

    C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       August 6, 2008

CHALOS & CO, P.C.
Attorneys for Plaintiff
INCHCAPE SHIPPING SERVICES
(HONG KONG) LIMITED

By: _____
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (866) 702-4577
Email: gmc@chaloslaw.com

---

[1] Plaintiff respectfully advises that pursuant to Supplemental Rule E(5)(a), Plaintiff is entitled to obtain security of up to twice the amount of its claim. Here, Plaintiff has simply asked this Honorable Court to permit Plaintiff to obtain security in the amount of 150% of the Plaintiff's claim in order to adequately secure Plaintiff for interest, which is currently accruing.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
INCHCAPE SHIPPING SERVICES (HONG KONG)
LIMITED,

                           Plaintiff,                08 CV 7103 (JSR)

-v-

                                          **VERIFICATION OF**
                                          **COMPLAINT**

BELARUSIAN SHIPPING COMPANY and MALTO
LIMITED

                           Defendants.
-----------------------------------------------------------------x

Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

1.    I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, INCHCAPE SHIPPING SERVICES (HONG KONG) LIMITED, herein;

2.    I have read the foregoing Verified Complaint and know the contents thereof; and

3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4.    The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       August 6, 2008

                        CHALOS & CO, P.C.
                        Attorneys for Plaintiff
                        INCHCAPE SHIPPING SERVICES
                        (HONG KONG) LIMITED

By: _____
                        George M. Chalos (GC-8693)
                        123 South Street
                        Oyster Bay, New York 11771
                        Tel: (516) 714-4300
                        Fax: (866) 702-4577
                        Email: gmc@chaloslaw.com